**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIANA M. RUEDA,

        Plaintiff,

v.

NEXEO SOLUTIONS, LLC,

        Defendant.

Civil Action No. 14-3801 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Nexeo Solutions, LLC's ("Defendant") motion to dismiss. (ECF No. 6.) Plaintiff Diana M. Rueda ("Plaintiff") filed opposition (ECF No. 9), and Defendant replied (ECF No. 14). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is granted. Plaintiff may file an amended complaint within thirty days.

**I.    Background**[1]

Defendant is a supplier of chemical products and services. In or about May 2011, Plaintiff was hired by Defendant as a Technical Sales Support Representative for the

---

[1] Unless otherwise noted, the allegations are taken from Plaintiff's First Amended Complaint ("FAC") as well as the documents attached thereto (ECF No. 10) and are accepted as true for the purposes of this motion. The FAC was filed with Plaintiff's opposition to the instant motion and is substantially identical to the initial complaint, but for the correction of what Plaintiff describes as a "misstated" citation to 42 U.S.C. § 1983 instead of § 1981. Because Plaintiff's time to file an amended complaint without leave of court or consent of her adversary had expired at the time of the filing, the Court construes

personal care end market. At various times during the course of her employment, Plaintiff received favorable feedback on her job performance. However, on or about May 30, 2013, Plaintiff received a memorandum from her direct supervisor captioned "Final Warning," which identified certain deficiencies in Plaintiff's job performance as well as "inappropriate behaviors" on the part of Plaintiff. (FAC, Ex. B.) The memorandum provided that Plaintiff used "rude and unprofessional language," was a "no-show" at a customer event, failed to return phone calls, and failed to establish certain relationships with target clients. (*Id.*) According to Plaintiff, the issues identified in the memorandum were based primarily upon Plaintiff's interactions with another employee, Mike Dvorak.

Plaintiff submitted a written response to the memorandum to her supervisor. In her response, Plaintiff stated that she had "taken a lot of verbal abuse from Mike Dvorak" and that she did "not like the way he treats [her]." She complained that "[w]hen Mike Dvorak wants something, he must have it" otherwise "he gets irate and belligerent to the point" that Plaintiff feels as if she is "being harassed." (FAC ¶¶ 9-10.) Other than what Plaintiff discussed in the written response to her supervisor, the complaint provides no further factual allegations with respect to the conduct of Mike Dvorak.

On or about July 8, 2013, Plaintiff was asked to attend a meeting on July 9, 2013, purportedly to resolve the issues outlined in her supervisor's memorandum "and move forward." (*Id.* at ¶ 12.) However, at that meeting, Plaintiff's employment was terminated. Plaintiff filed suit, contending that her termination was in retaliation for her disclosure of

---

Plaintiff's filing as a request for leave to amend, which the Court grants. *See* Fed. R. Civ. P. 15 ("The court should freely give leave when justice so requires."). The FAC is addressed by the parties in their briefing. Consequently, the Court construes Defendant's motion to dismiss as being directed to the FAC and renders this decision accordingly.

"harassment and fear in the . . . workplace" and "in direct violation of [her] rights" under 42 U.S.C. § 1981. Additionally, although the complaint makes no mention of any other statute or cause of action, in her opposition brief Plaintiff argued that the complaint also states a claim for "hostile environment" under New Jersey law. (Pl.'s Opp'n Br. 6-7, ECF No. 9.)

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and, therefore, survives a motion to dismiss, the Third Circuit has set forth a three-step analysis. A court must (1) "outline the

3

elements a plaintiff must plead to a state a claim for relief"; (2) "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

B. Section 1981 Claim

Section 1981 "prohibits racial discrimination in the making and enforcement of contracts and property transactions." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). Typically, to state a claim under § 1981, a plaintiff must allege facts that support the following elements: "(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Id.* at 797. Section 1981, however, "also encompasses 'the claim of an individual (black or white) who suffers retaliation because he has tried to help a different individual, suffering direct racial discrimination, secure his § 1981 rights.'" *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 (3d Cir. 2010) (quoting *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008)). To maintain a claim for retaliation, a plaintiff must plead facts showing that "(1) he engaged in protected activity, (2) his employer took an adverse action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." *Id.* at 798. Significantly, the Third Circuit has held that, in a retaliation case, "a plaintiff must demonstrate that there had been an underlying section 1981 violation." *Id.*

4

Here, Plaintiff's complaint fails to alleges facts sufficient to maintain a claim under § 1981. As a threshold matter, Plaintiff has not pled that she is a member of a racial minority. Therefore, to the extent that the complaint purports to bring a claim for discrimination, such a claim fails. In addition, to the extent Plaintiff attempts to bring a retaliation claim, she fails to allege facts to support the requirement of an underlying § 1981 violation. Consequently, Plaintiff's § 1981 claim must be dismissed.

### C. Hostile Work Environment Claim

To state a claim under New Jersey law for hostile work environment, Plaintiff must allege facts showing that: (1) the conduct complained of would not have occurred but for the employee's membership in a protected class; (2) the conduct was severe or pervasive enough (3) to make a reasonable person believe that (4) the conditions of employment were altered and the working environment was hostile or abusive. *Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 603-04 (1993). Contrary to the assertions of Plaintiff, the complaint is simply devoid of factual allegations that support such a claim. Presumably, the conduct underlying Plaintiff's purported hostile work environment claim is the conduct of Mike Dvorak toward Plaintiff. However, the facts pled draw no connection between that complained-of conduct and any protected status on the part of Plaintiff. Further, facts regarding specific instances of the allegedly harassing conduct, as well as its frequency and severity, are lacking. The Court, therefore, finds that Plaintiff has failed to state a hostile work environment claim under New Jersey law.

### III. Conclusion

For the above reasons, Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice to Plaintiff's ability to file an amended complaint.

Plaintiff may file an amended complaint within thirty days of the date of this Opinion. An appropriate order accompanies this Memorandum Opinion.

_____s/ Michael A. Shipp_____  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

<u>Date:</u>  March 30, 2015